UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISA DAVID BLACK,

    Petitioner,

v.                                                            CASE NO. 6:08-cv-784-Orl-35GJK

ATTORNEY GENERAL, STATE OF FLORIDA, et al.,

    Respondents.
_____/

## ORDER

    This case is before the Court on Petitioner's initial petition for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1) and supplemental petition (Doc. No. 14). Respondents filed a response (Doc. No. 7) and a supplemental response (Doc. No. 16) to the petition and supplemental petition. Petitioner filed replies (Doc. Nos. 9 and 18) to the responses.

    Petitioner alleges seven claims for relief in his habeas petitions: 1) trial counsel was ineffective for failing to file a motion to suppress recorded conversations between Petitioner and his former counsel; 2) trial counsel was ineffective for failing to file a motion to disqualify the assistant state attorney; 3) trial counsel was ineffective for failing to file a motion to suppress items retrieved from the silver Ford Taurus vehicle; 4) trial counsel was ineffective for failing to file a motion in limine to prohibit the admission of any statements referring to Petitioner's stay in county jail; 5) trial counsel was ineffective for failing to move to suppress or impeach Danielle Boyd's identification of Petitioner; 6) trial counsel was ineffective for failing to object to the imposition of a life sentence as a prison releasee

reoffender; and 7) the trial court erred in admitting into evidence the testimony of his former trial lawyer and the content of their recorded telephone conversations.

## I.   Procedural History

Petitioner was charged by amended information with robbery with a firearm (with a mask) and aggravated assault with a firearm (with a mask).  A jury trial was held, and Petitioner was found guilty as charged in the amended information.  The jury also made special findings that, as to both counts, Petitioner possessed a firearm and wore a hood, mask, or other device to conceal his identity.  The trial court adjudicated Petitioner guilty of the crimes and sentenced him to life imprisonment on the robbery count and to imprisonment for a term of fifteen years on the aggravated assault count, with the sentences to run concurrently.  Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed in a written opinion.  *See Black v. State*, 920 So. 2d 668 (Fla. 5th DCA 2006).  Petitioner filed a petition for discretionary review with the Supreme Court of Florida, which was dismissed.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied.  Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

## II.   Legal Standards

### A.   Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an

2

> unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the

---

[1] Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

*B.   Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as

---

[2] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

>defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.   Analysis

#### A.   Claim One

Petitioner argues that trial counsel was ineffective for failing to file a motion to suppress recorded conversations between Petitioner and his former counsel. This claim was raised in Petitioner's Rule 3.850 motion and was denied on the basis that Petitioner did not have a reasonable expectation of privacy in the telephone calls he made from the Orange County Jail and that, in any event, the State presented other evidence of Petitioner's guilt.

>The relevant facts were set forth by the state appellate court on direct appeal:
>
>At trial the State offered into evidence a number of taped telephone conversations purportedly initiated by Mr. Black, who at the time was in pretrial detention at the Orange County Jail. One of the taped conversations was between Mr. Black and his former attorney, Mr. Reinhart. The telephone call was initially made by Mr. Black to his sister. She then established a three-way conversation between Mr. Black, Mr. Reinhart and herself. While Mr. Black and the attorney spoke, the sister remained on the line. After the conversation between her brother and the attorney ended, she stayed on the line and continued to talk to Mr. Black. When Mr. Black first placed the telephone call, an automated voice advised that "this call is subject to monitoring and recording." Indeed, the conversation was recorded.

> During the trial, the State called Mr. Black's former attorney to authenticate the taped telephone call, and to identify the voice of Mr. Black, as well as the other voices on the recording. Mr. Black objected on the basis of the attorney-client privilege, but the trial court found both the attorney's testimony and the tape to be admissible. The taped conversations contained incriminating admissions.

*Black*, 920 So. 2d at 669.

In the present case, Petitioner did not have a reasonable expectation of privacy in the telephone calls he made from the jail. *See United States v. Van Poyck*, 77 F.3d 285, 291 (9th Cir. 1996) (holding that "any expectation of privacy in outbound calls from prison is not objectively reasonable and that the Fourth Amendment is therefore not triggered by the routine taping of such calls."); *United States v. Harrison*, 970 F. Supp. 280 (M.D. Pa. 1997) ("[c]ourts have been consistent in holding that an inmate does not have an objectively reasonable privacy interest in outbound telephone calls."). Further, Petitioner consented to the taping of his telephone calls since he was warned by an automated message that his calls were subject to monitoring. In spite of the warning, Petitioner chose to continue his conversations. Finally, Defendant's sister was present throughout the conversation and was not a party to the privilege; thus, her presence breached the privilege in the first instance. Consequently, there were no grounds supporting a motion to suppress, and there has been no showing that counsel acted deficiently with regard to this matter.

Under the circumstances, Petitioner has not shown that the state court's denial of this claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). As a result, Petitioner is not entitled to federal habeas

relief on this claim.

### B.  Claim Two

Petitioner contends that trial counsel was ineffective for failing to file a motion to disqualify the assistant state attorney.  Petitioner states that assistant state attorney Greg Tynan became a witness for the State by reviewing the recorded telephone calls made by Petitioner from the jail and by testifying as to the substance of those calls.  This claim was raised in Petitioner's Rule 3.850 motion and was denied because there was no basis upon which to disqualify Mr. Tynan from the case.

Contrary to Petitioner's assertion, Mr. Tynan was not a witness in this case, and, therefore, he did not testify against Petitioner.  Mr. Tynan did argue before the trial court with regard to the admissibility of the recordings, but he was not a witness at trial.  In any event, as the prosecutor, Mr. Tynan was permitted to perform normal investigatory functions in obtaining and reviewing evidence against Petitioner.

Moreover, the individuals involved in creating the compact discs of Petitioner's recorded conversations testified at trial and were cross-examined by Petitioner's counsel. In particular, Andrian Jones, who was the custodian of the recordings of the telephone calls of the Orange County jail, testified that he downloaded to compact discs the recorded telephone calls made by Petitioner.  (Appendix B, Transcript of Trial at 453-59.)  Bob Kuppers, an assistant systems administrator for the state attorney's office, testified that he took portions of the above-mentioned compact discs and copied them to other compact discs. *Id*. at 466-70.  In addition, Petitioner's former counsel, Richard Reinhardt, whose voice was also on the recorded telephone calls, testified at trial and was cross-examined by Petitioner's counsel.

Petitioner has not shown that there were any grounds supporting the disqualification of Mr. Tynan. Consequently, Petitioner has not demonstrated that counsel acted deficiently or that Petitioner sustained prejudice. As such, Petitioner has not met his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying relief on this claim.

*C.    Claim Three*

Petitioner states that trial counsel was ineffective for failing to file a motion to suppress items retrieved from the silver Ford Taurus vehicle. Witnesses to the crime stated the perpetrators fled from the crime scene in a Ford Taurus vehicle. The vehicle was later found in the parking lot of an apartment complex. According to Petitioner, the affidavit used to obtain the search warrant was insufficient to establish probable cause because it was based on unreliable witness testimony. This claim was raised in Petitioner's Rule 3.850 motion and was denied based on the finding that probable existed to issue the warrant.

The Affidavit for Search Warrant stated that Robin Wheeler and Steve Hopper saw one of the victims of the crime "pointing at the vehicle [occupied by the suspects] and yelling." Ms. Wheeler and Mr. Hopper then followed the vehicle until they lost sight of it, and they positively identified the vehicle after it was later located by law enforcement.

In determining whether probable cause exists to justify a search, the trial court must make a judgment, given all the circumstances set forth in the affidavit, as to whether there is a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Paige*, 934 So. 2d 595, 595 (Fla. 5th DCA 2006). Here, the search affidavit presented sufficient information to show a fair probability that evidence of a crime would

be found in the vehicle. The facts related in the affidavit were sufficient to establish probable cause for issuance of the warrant, and Petitioner has not shown that there were any grounds supporting a motion to suppress.

As such, Petitioner has not shown that counsel acted deficiently or that Petitioner sustained prejudice. Consequently, Petitioner has failed to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying relief on this claim.

### D.   *Claim Four*

Petitioner contends that trial counsel was ineffective for failing to file a motion in limine to prohibit admission of any statements referring to his stay in the county jail. Petitioner states that Andrian Jones "made a reference" to Petitioner's incarceration at trial and that the recorded telephone calls played for the jury referenced the fact that Petitioner was in jail. This claim was raised in Petitioner's Rule 3.850 motion and was denied because there had been no showing that Petitioner's trial had been rendered unfair.

At trial, Mr. Jones related that he compiled the recordings of the telephone calls made by Petitioner after his arrest in this case. Those recordings included conversations with Mr. Reinhart, his former attorney in this case. This evidence merely reflected that Petitioner's incarceration related to the present offenses. There was no testimony or other evidence presented showing (or even inferring) that Petitioner had a prior criminal history. Thus, Petitioner's counsel did not act deficiently in failing to file a motion in limine. *See Coverdale v. State*, 940 So. 2d 558 (Fla. 2d DCA 2006) (finding that the statement that the defendant had been incarcerated did not deprive the defendant of a fair trial since the

9

"statement was not clear as to why the incarceration had occurred, and the jury may have believed that it related to the present offense.").

Accordingly, Petitioner has not shown that the state court's denial of this claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence."

## E.     Claim Five

Petitioner states that trial counsel was ineffective for failing to move to suppress or impeach Danielle Boyd's identification of Petitioner. Petitioner alleges that, in a taped statement to law enforcement shortly after the robbery, Ms. Boyd did not mention that the suspect had gold teeth or that the suspect's mask fell down.[3] However, according to Petitioner, in a written statement later provided by Ms. Boyd, she stated that the suspect's mask fell down.[4] This claim was raised in Petitioner's Rule 3.850 motion and was denied because the court found that counsel did raise these conflicts at trial.

At trial, Petitioner's counsel established the conflicts between Ms. Boyd's trial testimony and the statements she provided to law enforcement. Ms. Boyd, who worked at the jewelry store that was robbed, testified initially during cross-examination that she had told law enforcement in the taped statement on September 23, 2003, that the suspect had gold teeth and that his mask had slipped off. (Appendix B, Transcript of Trial at 60-61.)

---

[3]The robbery occurred at approximately 10:00 a.m. on September 23, 2003, *see* Appendix V (attachment to Rule 3.850 motion), and the taped statement took place at approximately 10:25 a.m. on September 23, 2003. *See* Exhibit I to Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 2).

[4]The written statement was dated October 9, 2003, and Ms. Boyd stated that the suspect's mask "fell off his face" and that she recognized him from his "eyes and teeth." *See* Appendix V (attachment to Rule 3.850 motion)

She also testified that she could not remember whether she had stated that the suspect had gold teeth in the written statement on October 9, 2003. *Id*. at 65. Petitioner's counsel provided her with a copy of the October 9, 2003, written statement, and she acknowledged that she had not stated that the suspect had gold teeth. *Id*. at 66.

During the cross-examination of Detective Jon Askins, who took the taped statement from Ms. Boyd on September 23, 2003, it was revealed that Ms. Boyd had not mentioned that the perpetrator had gold teeth or that the perpetrator's mask had slipped off. *Id*. at 313, 348. Thus, Petitioner's counsel did elicit the conflict in Ms. Boyd's testimony, and Petitioner has not shown that counsel acted deficiently with regard to this matter.

Accordingly, Petitioner has not shown that the state court's denial of this claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence."

## F.  Claim Six

Petitioner states that trial counsel was ineffective for failing to object to the imposition of a life sentence as a prison releasee reoffender. This claim was raised in Petitioner's Rule 3.850 motion and was denied because the State had proved by a preponderance of the evidence that Petitioner qualified to be sentenced as a prison releasee reoffender.

Under section 775.082(9), Florida Statutes, a defendant may be sentenced as a prison releasee reoffender if one of the enumerated offenses is committed within three years after being released from a correctional institution of the State of Florida or within three years after being released from a correctional institution of another state, the District

11

of Columbia, or the United States. The last release date for Petitioner was May 15, 2001, from the Florida Department of Corrections. *See* Exhibit J to Petitioner's Memorandum of Law (Doc. No. 2). The offenses in the present case were committed on September 23, 2003, which was within three years of Petitioner's last release date, and he was properly sentenced as a prison releasee reoffender. Consequently, Petitioner's counsel did not act deficiently with regard to this matter.

Under the circumstances, Petitioner has not shown that the state court's denial of this claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence."

### G.   *Claim Seven*

Finally, Petitioner asserts that the trial court erred in admitting into evidence the testimony of his former trial lawyer and the content of his recorded telephone conversations. Petitioner raised this claim on direct appeal, but he did not present the claim in terms of a deprivation of a federal constitutional right. In his reply, Petitioner acknowledges that he did not do so. *See* Doc. No. 18, at 3.

Generally, a "federal court may not grant habeas corpus relief to a state prisoner who has not exhausted his available state remedies." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). The exhaustion of state remedies requires that petitioners "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation omitted) (quotations omitted). In the present case, Petitioner

12

only apprised the state court that the instant claim involved a violation of state law, and he made no reference to the federal constitutional issues raised here. *Ziegler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003) (finding that the petitioner's federal habeas claims were not raised in the state court when the direct appeal made no reference to the federal constitutional issues raised in the federal habeas petition). Thus, Petitioner's claim is unexhausted.

Moreover, since he would be precluded from now raising this claim in the state courts, it is procedurally defaulted. Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, this claim must be denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Petition for Writ of Habeas Corpus (Doc. No. 1) and the Supplemental Petition (Doc. No. 14) filed by Isa David Black are **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.  The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.  This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 3rd day of November 2010.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sa 11/3
Counsel of Record
Isa David Black